* * * * * * * * * * *
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Holmes and the briefs and arguments of the parties. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, and having reviewed the competent evidence of record, the Full Commission adopts the Opinion and Award of Deputy Commissioner Holmes with minor modifications.
 * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the Workers' Compensation Act. *Page 2 
2. Defendant-employer is self-insured, and Sedgwick CMS, Inc. is the third-party servicing agent.
The employer-employee relationship existed between plaintiff and defendant-employer at all relevant times herein, including June 8, 2007; the date plaintiff was first disabled by his alleged occupational disease.
4. The average weekly wage is $1,108.43, yielding a weekly compensation rate of $738.96.
5. Plaintiff has not worked since June 8, 2007.
6. The following exhibits have also been stipulated into evidence:
 (a) Raleigh Orthopedic Clinic, medical records.
 (b) The Bone and Joint Surgery Center, medical records.
 (c) Duke Raleigh Hospital, medical records.
 (d) Industrial Commission Form 18 (June 28, 2007)
 (e) Industrial Commission Form 33 (July 26, 2007)
 (f) Industrial Commission Form 33R (August 7, 2007)
 (g) Payroll records
 * * * * * * * * * * *
Based upon all of the competent evidence of record the Full Commission makes the following:
 FINDINGS OF FACTS
1. At the time of the hearing before the Deputy Commissioner plaintiff was 50 years old and has an 11th grade education. Plaintiff has worked in various jobs for defendant-employer *Page 3 
since October 4, 2001, most recently as a leadman. As a leadman, plaintiff was required to be on his feet either walking or standing during his entire work day.
2. Plaintiff's knee pain began in 2005, and although he discussed it from time to time with Plant Nurse Margaret Brown, he never related the knee pain to his employment, nor did he ever pay an official visit to Ms. Brown's office for treatment for his knees or referral to a doctor for treatment of his knees.
3. Plaintiff last worked on June 8, 2007 when he voluntarily stopped working due to the alleged pain in his knees. When plaintiff went out of work he began receiving short-term disability benefits and continued to receive them for several months. After the short-term disability benefits had expired, plaintiff applied for, and began receiving unemployment benefits at the rate of $476.00 a week. Plaintiff received a total of $12,376.00 in unemployment benefits.
4. Margaret Brown, Plant Nurse, did not know of any other employees at defendant-employer's plant who had similar problems with their knees, or had made similar complaints as plaintiff has made.
5. Plaintiff sought treatment from Dr. Michael Fajgenbaum on June 14, 2007 for complaints of bilateral knee pain, worse on the right than the left. Dr. Fajgenbaum reviewed an MRI which had been done previously which revealed a meniscal tear, for which Dr. Fajgenbaum recommended surgery, and degenerative arthritis. The surgery was performed on July 10, 2007 and revealed a tear of the medial meniscus and also arthritic changes within the joint.
6. Dr. Fajgenbaum last examined plaintiff on September 12, 2007 by which time plaintiff had completed physical therapy, and was able to return to work. Dr. Fajgenbaum felt that plaintiff could work an eight hour day, but that he should avoid squatting, kneeling and going up and down stairs. *Page 4 
7. Dr. Fajgenbaum could not say with any certainty that plaintiff's job as a leadman caused him to tear his meniscus. Dr. Fajgenbaum also said that he was not aware of a recognizable link between plaintiff's job as a leadman and the meniscal tear which he found, nor was he aware of any recognizable link between people who work on concrete floors and torn menisci. Dr. Fajgenbaum testified that he has treated people who did not stand on their feet for many hours who sustained meniscal tears, because meniscal tears can come from so many different causes.
 * * * * * * * * * * *
Based upon the foregoing findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Plaintiff has failed to prove that he has sustained a compensable injury by accident arising out of and in the course of his employment. N.C. Gen. Stat. § 97-2(6).
2. Plaintiff bears the burden of proving each element of compensability in order to prove the existence of an occupational disease under N.C. Gen. Stat. § 97-53(13). In order for an occupational disease to be compensable, a plaintiff must prove that the disease is characteristic of individuals engaged in the particular trade or occupation in which the plaintiff was engaged, that the disease is not an ordinary disease of life to which the public is equally exposed, and that there exists a causal relationship between the disease and the plaintiff's employment. Rutledge v. Tultex Corp., 308 N.C. 85, 93, 301
S.E.2nd 359, 365 (1983). Booker v. Medical Center,297 N.C. 458, 256 S.E.2d 189 (1979). In the case at hand, Plaintiff has failed to establish by the greater weight of the evidence that his employment placed him at an increased risk of contacting the condition from which he suffers, a medial meniscal tear, and further that there is a causal relation between this condition and his employment.Id. *Page 5 
 * * * * * * * * * * *
Based upon the foregoing stipulations, findings of fact and conclusions of law, the Full Commission enters the following:
AWARD
1. Under the law, plaintiff's claim must be, and the same is DENIED.
2. Each side shall pay its own costs, except the Defendants shall pay, if not already paid, an expert witness fee of $530.00 to Dr. Michael Fajgenbaum and $175.00 to Stephen D. Carpenter.
 * * * * * * * * * * *
This the 26th day of February 2009.
S/_______________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
 S/_______________________ STACI MEYER COMMISSIONER
 S/_______________________ DANNY LEE McDONALD COMMISSIONER *Page 1